1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARCHEA JACKSON,

11          Plaintiff,                    No. CIV S-06-0645 MCE PAN P

12      vs.

13   SERGEANT LAWRENCE, et al.,

14          Defendants.           ORDER AND

15   _____     FINDINGS AND RECOMMENDATIONS

16   _____/

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

18   42 U.S.C. § 1983.  Plaintiff originally filed his complaint in state court on January 20, 2006.

19   Defendants removed this action to this court on March 27, 2006.  On May 5, 2006, plaintiff filed

20   a motion to remand this action to state court. On May 24, defendants filed an opposition to

21   plaintiff's remand motion.

22          Generally, removal to federal court requires that a federal claim appear on the face

23   of the plaintiff's well-pleaded complaint.  See Dahl v. Rosenfeld, 316 F.3d 1074 (9th Cir. 2003)

24   (citations omitted).  Under the "well-pleaded complaint" rule, a defendant may not remove a case

25   to federal court unless the plaintiff's complaint states a claim arising under federal law.  See

26   Taylor v. Anderson, 234 U.S. 74, 75-76, (1914).  A complaint must fulfill two criteria in order to

1

1  invoke federal jurisdiction "for the purposes of determining whether [the plaintiff] stated a cause

2  of action on which relief could be granted."  Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983),

3  (citations omitted).  First, the complaint must "claim a right to recover under the Constitution and

4  laws of the United States;" second, the claim must not be wholly insubstantial and frivolous."  Id

5          Plaintiff claims as follows: On February 17, 2005, an institution-wide cell search

6  was conducted, during which Correctional Officer C. Liapes confiscated plaintiff's television so

7  that it could be checked for contraband and accordingly logged the television on a cell-search slip

8  pursuant to California Code of Regulations Title 15 section 3287(a)(4).  In addition to the

9  television, two jars of peanut butter, two t-shirts, and a pair of jeans were confiscated.  The

10  correctional staff have not provided plaintiff with a copy of the cell-search slip.  Defendants H.

11  Wagner, appeal coordinator, and T. Felker, Chief Deputy Warden, obstructed the filing of a staff

12  complaint against defendant Sergeant Lawrence, and in so doing, corruptly aided and abetted Sgt.

13  Lawrence in refusing to conduct an adequate, meaningful, and effective investigation when

14  plaintiff's property was not returned as promised.  During the appeals process, Sgt. Lawrence

15  made material and fraudulent misstatements of fact.  Additionally, Sergeants Shelton and

16  Hackworth acted on an unwritten policy of aiding and abetting Sergeant Lawrence in conspiring

17  to confiscate plaintiff's property by making material and fraudulent misstatements.  As a result of

18  these actions, plaintiff alleges violations of his Fourteenth Amendment right to due process.

19          The United States Supreme Court has held that "an unauthorized intentional

20  deprivation of property by a state employee does not constitute a violation of the procedural

21  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

22  postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

23  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional

24  deprivations constitute actionable violations of the Due Process Clause.  An authorized

25  deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

26  /////

2

1  <u>Piatt v. McDougall</u>, 773 F.2d 1032, 1036 (9th Cir. 1985); <u>see</u> <u>also</u> <u>Knudson v. City of</u>

2  <u>Ellensburg</u>, 832 F.2d 1142, 1149 (9th Cir. 1987).

3        Plaintiff has not alleged any facts suggesting that the deprivation was authorized;

4  therefore, plaintiff may not claim that the deprivation resulted in violation of his Fourteenth

5  Amendment due process right.  Furthermore, the California Legislature has provided a remedy

6  for tort claims against public officials in the California Government Code, §§ 900, <u>et</u> <u>seq.</u>

7  Accordingly, while plaintiff's complaint claims a right to recover under the United States

8  Constitution, the claim is wholly insubstantial and frivolous.

9        Upon removal, the district court must determine whether it has subject matter

10  jurisdiction and, if not, it must remand. <u>Lyons v. Alaska Teamsters Employer Serv. Corp.</u>, 188

11  F.3d 1170, 1171 (9th Cir.1999); <u>Nasca v. Peoplesoft</u>, 160 F.3d 578, 580, n. 3 (9th Cir. 1998).

12  For the foregoing reasons, this court finds that it lacks subject matter jurisdiction over plaintiff's

13  claim and, therefore, will recommend that this action be remanded to state court.

14        On May 30, 2006, defendants filed a request for a protective order seeking a stay

15  of discovery in this action.  Good cause appearing, defendants' request will be granted and

16  discovery will be stayed pending resolution by the district court of plaintiff's motion to remand.

17        In accordance with the above, IT IS HEREBY ORDERED THAT defendants'

18  request for a protective order staying discovery is granted pending resolution of plaintiff's motion

19  to remand; and

20        IT IS HEREBY RECOMMENDED that:

21        1.  Plaintiff's May 5, 2006 motion to remand be granted; and

22        2.  This action be remanded to the Sacramento County Superior Court.

23        These findings and recommendations are submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

25  days after being served with these findings and recommendations, any party may file written

26  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

1   Findings and Recommendations."  The parties are advised that failure to file objections within

2   the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

3   F.2d 1153 (9th Cir. 1991).

4   DATED: July 27, 2006.

5

6   UNITED STATES MAGISTRATE JUDGE

7

8   14

9   jack0645.rem

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26